IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BTL INDUSTRIES, INC., a Delaware corporation, | |
| Plaintiff, | Case No. 1:23-cv-301-DAE |
| v. | **JURY TRIAL DEMAND** |
| PULSE PERFORMANCE, LLC; PULSE PERFORMANCE FRANCHISING, LLC; PULSE PERFORMANCE ARBOR TRAILS, LLC; and JOHN DAVID BUSCH, | |
| Defendants. | |

**JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT
AND PERMANENT INJUNCTION**

Plaintiff BTL Industries, Inc. ("BTL") and Defendant Pulse Performance Arbor Trails, LLC ("Defendant") (collectively, the "Parties"), by and through undersigned counsel, hereby respectfully move the Court to enter the accompanying Consent Judgment and Permanent Injunction.

On March 17, 2023, BTL filed suit against Defendant seeking injunctive relief and monetary damages against Defendant for patent infringement in violation of the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*; and trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act (15 U.S.C. §§ 1114, 1125(a)). Defendant's Answer was filed on July 1, 2023.

The Parties have since agreed to terms and conditions representing a negotiated resolution of the above-captioned matter. Defendant now stipulates and consents to this Consent

Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

The Parties thus respectfully move the Court to enter the accompanying Consent Judgment and Permanent Injunction.

Respectfully submitted,

By: */s/ John M. Bustamante*

John M. Bustamante
Texas State Bar No. 24040618
WOOLSEY MORCOM, PLLC
200 East Grayson, Suite 210
San Antonio, Texas 78215
Telephone: (210) 960-5805
Facsimile: (904) 638-9302
johnb@woolseymorcom.com

*Attorneys for Defendants Pulse Performance, LLC, Pulse Performance Franchising, LLC, Pulse Performance Arbor Trails, LLC, and John David Busch*

By: */s/ Anna G. Phillips*

Anna G. Phillips
Texas State Bar No. 24090329
J.C. Rozendaal (*pro hac vice*)
Monica Riva Talley (*pro hac vice*)
Chandrika Vira (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 371-2600
Facsimile: (202) 371-2540
aphillips@sternekessler.com
jcrozendaal@sternekessler.com
mtalley@sternekessler.com
cvira@sternelesser.com

*Attorneys for Plaintiff BTL Industries, Inc.*

Dated: October 16, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BTL INDUSTRIES, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>      v.<br><br>PULSE PERFORMANCE, LLC; PULSE PERFORMANCE FRANCHISING, LLC; PULSE PERFORMANCE ARBOR TRAILS, LLC; and JOHN DAVID BUSCH,<br><br>      Defendants. | Case No. 1:23-cv-301-DAE<br><br>**JURY TRIAL DEMAND** |

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

The Court, having considered the request of Plaintiff BTL Industries, Inc. ("BTL") and Defendant Pulse Performance Arbor Trails, LLC ("Defendant") (collectively, the "Parties") to enter the following relief, and such relief appearing reasonable under the circumstances,

The Court finds as follows:

1. On March 17, 2023, BTL filed Case No. 1:23-cv-301 in the United States District Court for the Western District of Texas.

2. BTL brought this action seeking injunctive relief and monetary damages against Defendant and other defendants for patent infringement in violation of the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*; and trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act (15 U.S.C. §§ 1114, 1125(a));

3. Defendant's Answer was filed on July 1, 2023.

4. The Parties have agreed to terms and conditions representing a negotiated settlement of the above-captioned matter and have set forth those terms and conditions in a Settlement Agreement (the "Settlement Agreement"). Defendant now stipulates and consents to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

5. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendant.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

7. BTL uses, owns, and exclusively licenses registered and unregistered trademarks and trade dress for its brand of aesthetic equipment and treatments, including the following valid and subsisting federally registered trademarks (collectively, the "BTL Trademarks"):

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| 5,572,801 | EMSCULPT | Oct. 2, 2018 | Sept. 29, 2017 | Class 10: Medical apparatus and instruments for the treatment of cellulite; medical apparatus and instruments for body toning and body shaping; medical apparatus and instruments for the removal of fat, circumference reduction, tightening of skin, reduction of wrinkles, reduction of scars, reduction of stretch marks, rejuvenation of skin, and treatment of pigmentation spots; above medical apparatuses with exception for the treatment of the nasopharynxes including inhalers and nasal irrigators; massage apparatus; medical apparatus and instruments for aesthetic skin treatment procedures; medical apparatus generating electromagnetic, magnetic, |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | electrical, mechanical or thermal energy for use in skin treatment procedures; medical apparatus particularly apparatus for pain management, elimination of muscle spasms; gynecological and urological apparatus and instruments, namely, for genital rejuvenation, treatment sexual dysfunction, gynecological treatment and pelvic floor treatment |
| 6,069,279 | EMSCULPT | Jun. 2, 2020 | Sept. 29, 2017 | Class 44: medical services; gynecology services; medical equipment rental; cosmetic and plastic surgery; beauty salons; liposuction services; removal of body cellulite |
| 5,688,619 | HIFEM | Mar. 5, 2019 | Sept. 19, 2017 | Class 10: Medical and aesthetic apparatus and instruments generating electromagnetic, magnetic, electrical, mechanical, radiofrequency or thermal energy for use in skin treatment procedures; medical apparatus and instruments for body toning and body shaping; medical apparatus and instruments for the removal of fat, circumference reduction, tightening of skin, reduction of wrinkles, reduction of scars, reduction of stretch marks, rejuvenation of skin, treatment of pigmentation spots, increase in muscle volume, increase in number of muscle fibers and increase in muscle tonus; medical apparatus and instruments for the treatment of cellulite; therapeutic facial masks; facial toning machines for cosmetic use; electric stimulation and magnetic stimulation |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | apparatus for physical therapy purposes for the treatment of nerve and muscle pain and elimination of muscular spasms; gynecological and urological apparatus and instruments, namely for genital rejuvenation, treatment sexual dysfunction, gynecological treatment and pelvic floor treatment.<br><br>Class 44: Medical services; medical equipment rental; cosmetic and plastic surgery; beauty salons; liposuction services; medical removal of body cellulite. |

8.  The BTL Trademarks have been used exclusively and continuously by BTL and have never been abandoned. The above U.S. registrations for BTL's Trademarks are valid and subsisting in full force and effect.

9.  The registrations for the BTL Trademarks constitute prima facie evidence of their validity and of BTL's exclusive right to use the trademarks pursuant to 15 U.S.C. § 1057(b).

10. BTL exclusively licenses patents claiming proprietary magnetic stimulation technology and methods of treatment, which are embodied in BTL's aesthetic equipment and treatment protocols, including the following valid and enforceable patents (collectively, the "BTL Patents"):

- U.S. Patent No. 11,266,852, entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field," which was duly and legally issued by the U.S. Patent and Trademark Office on March 8, 2022; and
- U.S. Patent No. 10,695,575, entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field," which was duly and legally issued by the U.S. Patent and Trademark Office on June 30, 2020; and

- U.S. Patent No. 10,478,634, entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field," which was duly and legally issued by the U.S. Patent and Trademark Office on November 19, 2019; and
- U.S. Patent No. 9,636,519, entitled "Magnetic Stimulation Methods and Devices for Therapeutic Treatments," which was duly and legally issued by the U.S. Patent and Trademark Office on May 2, 2017; and
- U.S. Patent No. 10,596,386 entitled "Aesthetic Method of Biological Structure Treatment by Magnetic Field," which was duly and legally issued by the U.S. Patent and Trademark Office on March 4, 2020.

11. BTL has not licensed or authorized Defendant to use any of the BTL Trademarks or BTL Patents.

12. Defendant imported and used a body-contouring aesthetic device, including but not limited to the Sincoheren magnetic body contouring device that infringed on BTL's Patents, and was used in connection with the BTL Trademarks, and marks confusingly similar thereto.

13. BTL has not licensed or authorized Defendant to sell devices that infringe the BTL Patents or use any of the BTL Trademarks or confusingly similar versions thereof.

14. Defendant hereby waives any and all right to an appeal from this Consent Judgment and Permanent Injunction.

15. This Consent Judgment and Permanent Injunction constitute a final judgment on the merits of BTL's claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

Therefore, JUDGMENT IS HEREBY ENTERED, upon consent of the Parties hereto, in favor of BTL Industries, Inc. as follows:

1. Pursuant to Fed. R. Civ. P. 65, IT IS HEREBY ORDERED that Defendant, including any current officers, agents, employees, independent contractors, representatives, successors in interest, and all other persons, firms, or companies in active concert or participation with Defendant, is permanently enjoined and restrained from directly or indirectly:

    a. using the BTL Trademarks or any reproductions, copies, colorable imitations, and confusingly similar versions thereof, including but not limited to EMS SCULPT, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any medical or aesthetic device that is not a genuine BTL device, or any service that is not a BTL service offered by a genuine new BTL medical or aesthetic device, or a pre-owned BTL-recertified medical or aesthetic device;

    b. committing any acts calculated to cause consumers to believe that Defendant's devices are sold under the authorization, control or supervision of BTL, or are sponsored by, approved by, or otherwise connected with BTL;

    c. making, importing, using, offering to sell, or selling—without BTL's authorization—the Sincoheren magnetic body contouring device, or any similar magnetic body sculpting device;

    d. making, using, offering to sell, or selling—without BTL's authorization—any service implementing or utilizing a Sincoheren magnetic body contouring device, or any similar magnetic body sculpting device;

    e. encouraging, promoting, recommending, or instructing—without BTL's authorization—any third party to make, use, offer to sell, or sell any Sincoheren magnetic body contouring device, or any similar magnetic body sculpting device;

2. IT IS FURTHER HEREBY ORDERED that Defendant shall pay BTL the total damages agreed upon by the Parties in the Settlement Agreement, which amount is subject to a confidentiality clause.

3.     IT IS FURTHER HEREBY ORDERED that this Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the Parties and their respective successors, assigns, and acquiring companies.

4.     IT IS FURTHER HEREBY ORDERED that the Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction, and the Settlement Agreement.

5.     IT IS FURTHER HEREBY ORDERED that the permanent injunction shall remain in full force and effect unless and until modified by order of this court.

6.     IT IS FURTHER HEREBY ORDERED that all claims and demands in the above-captioned matter are hereby dismissed without prejudice and without costs, disbursements or attorneys' fees to any party. This is a final order and judgment.

IT IS SO ORDERED this _____ day of _____, 2023

_____
HON. DAVID A. EZRA
UNITED STATES DISTRICT JUDGE